BREKHUS, Plaintiff, v. STEELE, County Auditor, Defendant.

(242 N. W. 353.)

(File No. 7422. Opinion filed April 22, 1932.)

T. B. *Thorson, H. F. Fellows,* and *Denu & Philip,* all of Rapid City, for Petitioner.

*Julius F. Sieler,* State's Attorney, of Rapid City, *M. Q. Sharpe,* Attorney General, and *James Brown* and *R. F. Dreury,* Assistant Attorneys General, for Defendant.

CAMPBELL, P. J. Plaintiff, who was duly registered as a Republican for the last preceding primary election, instituted the above-entitled cause as an original proceeding in this court, seeking a writ of mandamus directing defendant,, county auditor, to register plaintiff (and approximately 1,500 other persons similarly situated) as a Democratic voter for the May, 1932, primary election. On the return date defendant demurred to plaintiff's petition and moved to quash the alternative writ, and the matter was orally submitted.

The matter of party registration of voters in this state is covered by the General Primary Election Law (chapter 118, Laws 1929, and amendatory acts).

Section 14 of the 1929 law reads as follows: *"Party Registration.* No person shall he allowed to vote at any primary election unless he is duly registered as a member of some political party and a legally qualified voter in the precinct in which he seeks to vote, and no person shall be allowed to vote the ballot of any political party at the primary election other than the one of which he is registered as a member."

Setion 15 of the law as amended by chapter 147, Laws 1931, deals with the method of registration (excepting in certain cases at the polls on election day as contemplated by Section 18 of the 1929 law), and reads as follows: "All voters registered for the

last preceding primary election who have not since changed their residence or their political affiliation shall be registered by the county auditor as they were registered at that time. All others may register in person at the office of the county auditor, or by procuring from him a registration card, filling the blanks and signing it, mailing or delivering it to the county auditor so as to reach him at least fifteen days before the date of the primary election."

Section 16 of the 1929 law specifies the form of registration card to be furnished by county auditors in the followin glanguage:

"*Form of Registration Card.* The county auditor shall prepare cards of a size suitable to be mailed as post cards, bearing on one side his official address and on the other side the following blank:

"Party Registration Card

(Fill out, sign, and mail or deliver to the county auditor so as to reach him at least fifteen days before the date of the primary election.)

"To County Auditor, ..........County, South Dakota:

"I hereby declare that I am a legally qualified voter of....... precinct, ........County, South Dakota, residing at........and that I intend to vote the........ticket at the primary election to be held on May........, 19... You are directed to register me as a........

Dated this........day of........, 19...

        "(Signed).........................
        "(Address).......:................
              "City or Farm    Street No.

"It shall be the duty of the county auditor to furnish such card to any voter of the county requesting the same."

In the case of the present plaintiff and others similarly situated, there was tendered to the defendant, county auditor, by a third person in behalf of plaintiff, a printed card signed by plaintiff, which contains all the information specified in the statutory form embraced in section 16 of the 1929 law, above quoted. The card, however, was not procured from defendant, county auditor. It did not bear on the reverse side the official address of defendant, county auditor. It further differed from the statutory form, in that the name of the county was not left blank to be filled in by

the registrant, but was printed on the card. Also the party affiliation of the registrant was not left blank to be filled in by him before signing, but was filled in on the printed from by the word "democrat." The printed form of the card used by the registrant, before the signing and filling of any blanks thereon, was as follows:

"Party Registration Card.

"To the County Auditor, Pennington County, Rapid City, South Dakota

"I hereby declare that I am a legally qualified voter of........ precinct, Pennington County, South Dakota, residing at........ and that I intend to vote the democrat ticket at the primary election to be held on May 3, 1932. You are directed to register me as a Democrat.

"Dated this......day of........1932.

"Signed...........................
"Street and No. ....................
"City (P. O.) ......................."

Section 58 of the 1929 Primary Election Law provides that the statute shall be liberally construed so that the real will of the electors may not be defeated by a mere technicality. Plaintiff invokes this canon of interpretation, points out that the card tendered by him to the county auditor contains all the information that is necessary or that the statute contemplates shall be received by the auditor for the purpose of registering plaintiff as a Democrat, and, the card being signed by plaintiff and transmitted by him to the county auditor through the agency of a third person, plaintiff urges that the auditor should receive the same and register plaintiff accordingly.

Defendant county auditor contends, on the other hand, that the statute should be strictly complied with, and raises numerous objections as ground for refusal to accept the card and register plaintiff as a Democratic voter for the May, 1932, primary, urging, inter alia, that the card was not originally procured from the auditor, does not bear the return address of the auditor, was not tendered or delivered to the auditor by plaintiff in person or by mail, did not contain proper blanks to be filled by the registrant, etc.

■ ■ The language of the statute seems quite plain. By section 18 of the 1929 law, legally qualified voters of the precinct not previously registered, establishing the facts to the satisfaction of the judges of election, may register at the polls. By section 15 of the act as amended, voters at the last preceding primary who have not since changed their residence or political affiliation are automatically registered by the county auditor. The statute then recites that: "All others may register in person at the office of the county auditor, or by procuring from him a registration card, filling the blanks and signing it, mailing or delivering it to the county auditor so as to reach him at least fifteen days before the date of the primary election."

■ This provision contemplates that a voter who seeks to register by card should procure from the county auditor a registration card (with certain blanks therein as provided by section 16 of the law), fill the blanks, sign the card, and mail or deliver the same to the county auditor at least fifteen days before the date of the primary. There is no allegation in this case that plaintiff (or the others similarly situated) in any manner applied to the county auditor for a registration card as contemplated by statute, or that any such request was refused. One of the statutory requirements appears to be that the elector should himself fill in, in a blank space provided for that purpose upon the card, the political affiliation under which he desires to be registered, in addition to signing the card. The Legislature may very well have believed that this particular requirement would render careless or unintelligent misregistration less likely to occur and render fraudulent and improper practices in connection with party registration more difficult of accomplishment. Upon those questions we need not speculate. This particular requirement at least is not so lacking in specific object and purpose as to justify the court in holding it directory merely. It is not for us to question the legislative wisdom or policy, or our selves to legislate under the guise of distinguishing between mandatory and directory provisions of the statute. The matter of political party registration and participation in party organization and affairs is subject to statutory regulation. The statute in question can easily be complied with, and imposes no undue burdens upon the electors. Specific provision is made as to the manner and method of accomplishing registration. We can-

not regard it as a determining factor that the end might perhaps be as effectively accomplished by some other method. We cannot say it was unreasonable for the Legislature to provide the specific methods set forth in the statute to the exclusion of other methods. The fundamental principles underlying the decisions of this court in Lucas v. Ringsrud, 3 S. D. 355, 53 N. W. 426; and Jacobs v. Pyle, 52 S. D. 537, 219 N. W. 247, and cases therein cited, require, us, we think, to hold that plaintiff, having tendered a registration card with his political affiliation printed thereon in stead of being filled in by plaintiff himself in a blank space provided for that purpose, has failed to comply with the statute, and has not shown himself entitled to the relief here sought.

We base our decision entirely upon this particular point, and refrain from passing in any manner whatsoever upon any of the other objections raised by the defendant. We specifically and expressly refrain from determining the effect, if any, of the facts that the name of the county was printed upon the card tendered by plaintiff instead of being filled in by the registrant; that the card did not bear the return mailing address of the county auditor on the reverse; that the card was not procured from the county auditor; that the card was tendered to the auditor by a third person; that the card was different in size, color or texture from registration cards furnished by the auditor.

Plaintiff having failed to establish his right to the writ, the order of this court will be that the alternative writ be quashed, and this proceeding dismissed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.